# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| IN RE: BACLOFEN CASES<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL BACLOFEN DIRECT PURCHASER ACTIONS* | HON. CYNTHIA M. RUFE<br><br>LEAD CASE: 16-BC-27240<br>DIRECT CASE: 16-BC-27241 |
| AHOLD USA, INC.; CÉSAR CASTILLO, INC.; FWK HOLDINGS, L.L.C.; KPH HEALTHCARE SERVICES, INC., a/k/a KINNEY DRUGS, INC.; and ROCHESTER DRUG CO-OPERATIVE, INC.; on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>   v.<br><br>LANNETT COMPANY, INC.; PAR PHARMACEUTICAL, INC., TEVA PHARMACEUTICALS USA, INC.; and UPSHER-SMITH LABORATORIES, INC.,<br><br>       Defendants. | |

## DEFENDANT UPSHER-SMITH LABORATORIES, LLC'S ANSWER TO THE CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAINT

Defendant Upsher-Smith Laboratories, LLC ("Upsher-Smith"), by and through its counsel, hereby submits its Answer to the Consolidated Direct Purchaser Class Action Complaint ("Complaint"), and states as follows:

Upsher-Smith is responding to the allegations in the Complaint that are directed toward it. Except as otherwise stated below, all allegations in the Complaint that are directed toward it are expressly denied.  Except as otherwise stated below, Upsher-Smith is without knowledge or information sufficient to form a belief concerning the truth of the allegations in the Complaint that are directed toward other Defendants and, therefore, Upsher-Smith denies the same.

Upsher-Smith is not required to respond to the headings, subheadings, or footnotes in the Complaint.  To the extent that any of the Complaint's headings, subheadings, or footnotes constitute factual allegations or otherwise require a response, Upsher-Smith denies all allegations in the headings, subheadings, or footnotes whether explicit or implied.  Based on all of the foregoing, as well as specifically enumerated herein, Upsher-Smith denies that Plaintiffs are entitled to any relief whatsoever.

Upsher-Smith reserves the right to amend this answer or to assert and reply upon other defenses and affirmative defenses that may become available or apparent as this action proceeds.

## ANSWERS AND RESPONSES TO THE ALLEGATIONS IN THE COMPLAINT

1.      Upsher-Smith denies the allegations contained in Paragraph 1 that are directed toward it, except admits only that Plaintiffs purport to bring a civil action on behalf of a class of direct purchasers who purportedly purchased certain forms of Baclofen tablets from Defendants. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and, therefore, Upsher-Smith denies the same.

2.      Upsher-Smith denies the allegations contained in Paragraph 2 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in Paragraph 2 and, therefore, Upsher-Smith denies the same.

3.      The second sentence of Paragraph 3 contains a legal conclusion to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 3 that are directed toward it, except admits only that Plaintiffs purport to bring a civil action seeking treble damages against Defendants for alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 and, therefore, Upsher-Smith denies the same.

4.      Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, Upsher-Smith denies the same.

5.      Upsher-Smith denies the allegations contained in Paragraph 5 that are directed toward it, except admits only that Baclofen is a commonly prescribed muscle relaxant and anti-spastic medication indicated to alleviate the signs and symptoms of spasticity resulting from MS. The second sentence of Paragraph 5 purports to quote from The United Kingdom's National Institute for Health and Care Excellence's guidance, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the document or the remaining allegations contained in Paragraph 5 and, therefore, Upsher-Smith denies the same.

6.      Upsher-Smith denies the allegations contained in Paragraph 6 that are directed toward it, except admits only that Baclofen has been available in the United States for decades. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the

substance of the remaining allegations contained in Paragraph 6 and, therefore, Upsher-Smith denies the same.

7.      Paragraph 7 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 7 that are directed toward it, except admits only that the price for Upsher-Smith's Baclofen fluctuated for each customer depending upon applicable contracts, pricing agreements, and other factors, including supply and demand.  Paragraph 7 purports to quote from a portion of a publication by the United States Government Accountability Office, the content of which speaks for itself. Upsher-Smith incorporates its responses to Paragraphs 63-78 herein.   Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the publication or the remaining allegations contained in Paragraph 7 and, therefore, Upsher-Smith denies the same.

8.      Upsher-Smith denies the allegations contained in Paragraph 8 that are directed toward it, except admits only that Upsher-Smith is aware that the DOJ and certain State AGs are conducting an investigation related to pricing and the generic pharmaceutical industry and the DOJ issued subpoenas regarding the same.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of those investigations or subpoenas or the remaining allegations contained in Paragraph 8 and, therefore, Upsher-Smith denies the same.

9.      Paragraph 9 purports to summarize a letter and a press release by the National Community Pharmacists Association, the contents of which speak for themselves.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the letter and press release or the remaining allegations contained in Paragraph 9 and, therefore, Upsher-Smith denies the same.

10. Paragraph 10 purports to summarize charging documents filed by the DOJ against Jeffrey Glazer and Jason Malek, the contents of which speak for themselves. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of those documents or the remaining allegations contained in Paragraph 10 and, therefore, Upsher-Smith denies the same.

11. Paragraph 11 purports to summarize and quote from public statements by the DOJ and the DOJ's Motion to Stay Discovery, the contents of which speak for themselves. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the statements or document or the remaining allegations contained in Paragraph 11 and, therefore, Upsher-Smith denies the same.

12. The allegations contained in Paragraph 12 are directed toward other Defendants and, therefore, no response is required. To the extent a response is required, Paragraph 12 purports to summarize a actions filed by the State AGs, plea agreements between Jeffrey Glazer and Jason Malek and the DOJ, a *Law360* article, statements made by the Connecticut Attorney General, and a *The Daily Beast* article, the contents of which speak for themselves. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of these documents or the remaining allegations contained in Paragraph 12 and, therefore, Upsher-Smith denies the same.

13. The allegations contained in Paragraph 13 are directed toward another Defendant and, therefore, no response is required. To the extent a response is required, Paragraph 13 purports to quote an SEC filing by Mylan, the content of which speaks for itself. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the filing

or the remaining allegations contained in Paragraph 13 and, therefore, Upsher-Smith denies the same.

14.     Upsher-Smith denies the allegations contained in Paragraph 14 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and, therefore, Upsher-Smith denies the same.

15.     Upsher-Smith denies the allegations contained in Paragraph 15 that are directed toward it, except admits only that that Plaintiffs purport to seek damages for alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.  Upsher-Smith denies that such damages can be granted.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, Upsher-Smith denies the same.

16.     Paragraph 16 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 16.

17.     Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 17 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 and, therefore, denies the same.

18.     Paragraph 18 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 18 that are directed toward it, except admits only that it sold certain forms of Baclofen tablets in the United States.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 and, therefore, denies the same.

19.     Paragraph 19 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 19 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and, therefore, Upsher-Smith denies the same.

20.     Paragraph 20 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 20 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 and, therefore, denies the same.

21.     Paragraph 21 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 21 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 and, therefore, denies the same.

22.     Paragraph 22 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 22 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 and, therefore, denies the same.

23.     Paragraph 23 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 23 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in Paragraph 23 and, therefore, denies the same.

24.     Paragraph 24 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 24 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 and, therefore, denies the same.

25.     The allegations contained in Paragraph 25 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, Upsher-Smith denies the same.

26.     The allegations contained in Paragraph 26 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, Upsher-Smith denies the same.

27.     The allegations contained in Paragraph 27 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, Upsher-Smith denies the same.

28.     Upsher-Smith admits that it was formerly known as Upsher-Smith Laboratories, Inc. and is a Minnesota corporation with its principal place of business in Maple Grove, MN. Upsher-Smith admits that it was acquired by Sawai Pharmaceutical Co., Ltd. in or around June 2017.  Upsher-Smith also admits that Upsher-Smith sold certain forms of Baclofen in the United

States during the proposed Class Period and held ANDA 071260, approved May 1988, and ANDA 074584, approved August 1996.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 and, therefore, denies the same.

29.     Upsher-Smith denies the allegations contained in Paragraph 29 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 and, therefore, Upsher-Smith denies the same.

30.     Paragraph 30 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the same.

31.     Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, Upsher-Smith denies the same. Upsher-Smith reserves all rights to challenge any attempts to amend this Complaint.

32.     Upsher-Smith denies the allegations contained in Paragraph 32 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 and, therefore, Upsher-Smith denies the same.

33.     Upsher-Smith denies the allegations contained in Paragraph 33 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 and, therefore, Upsher-Smith denies the same.

34.     Upsher-Smith denies the allegations contained in Paragraph 34 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 and, therefore, Upsher-Smith denies the same.

35.     Upsher-Smith denies the allegations contained in Paragraph 35 that are directed toward it, except admits only that it manufactured and sold certain forms of Baclofen in the United States.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 and, therefore, Upsher-Smith denies the same.

36.     Upsher-Smith denies the allegations contained in Paragraph 36 that are directed toward it, except admits only that it produced certain forms of Baclofen in the United States.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 and, therefore, Upsher-Smith denies the same.

37.     Paragraph 37 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 37 that are directed toward it, except admits only that it sold certain forms of Baclofen in the United States during the proposed Class Period.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 and, therefore, Upsher-Smith denies the same.

38.     Paragraph 38 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 38 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 and, therefore, Upsher-Smith denies the same.

39.     Paragraph 39 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 39 that are directed toward it, except admits only that it sold certain forms of Baclofen in the United States. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 and, therefore, Upsher-Smith denies the same.

40.     Paragraph 40 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 40 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 and, therefore, Upsher-Smith denies the same.

41.     Paragraph 41 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 41 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 and, therefore, Upsher-Smith denies the same.

42.     Paragraph 42 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 42 that are directed toward it.  Paragraph 42 purports to quote an FDA webpage, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted text or remaining allegations contained in Paragraph 42 and, therefore, Upsher-Smith denies the same.

43.     Paragraph 43 contains legal conclusions to which no response is required.  To the extent a response is required, Paragraph 43 purports to summarize the Hatch-Waxman Act, the

content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the summary or remaining allegations contained in Paragraph 43 and, therefore, Upsher-Smith denies the same.

44.     Paragraph 44 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, Upsher-Smith denies the same.

45.     Paragraph 45 contains legal conclusions to which no response is required. Paragraph 45 sets forth allegations that are subject to proof by expert testimony to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 45 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45 and, therefore, Upsher-Smith denies the same.

46.     Upsher-Smith denies the allegations contained in Paragraph 46 that are directed toward it.  Paragraph 46 also purports to summarize "economic literature," the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the cited literature or the remaining allegations contained in Paragraph 46 and, therefore, Upsher-Smith denies the same.

47.     Upsher-Smith denies the allegations contained in Paragraph 47 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 and, therefore, Upsher-Smith denies the same.

48.     Upsher-Smith denies the allegations contained in Paragraph 48 that are directed toward it.  Paragraph 48 purports to quote from two Federal Trade Commission documents and a Congressional Budget Office article, the contents of which speak for themselves.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the cited documents or the remaining allegations contained in Paragraph 48 and, therefore, Upsher-Smith denies the same.

49.     Upsher-Smith denies the allegations contained in Paragraph 49 that are directed toward it.  Paragraph 49 purports to summarize a GPhA study, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the study or the remaining allegations contained in Paragraph 49 and, therefore, Upsher-Smith denies the same.

50.     Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, Upsher-Smith denies the same.

51.     Upsher-Smith denies the allegations contained in Paragraph 51 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 and, therefore, Upsher-Smith denies the same.

52.     Paragraph 52 contains legal conclusions to which no response is required.  Paragraph 52 purports to summarize the preface of the FDA's Orange Book and articles by the Academy of Managed Care Pharmacy and National Community Pharmacists Association, the contents of which speak for themselves.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of those documents or the remaining allegations contained in Paragraph 52 and, therefore, Upsher-Smith denies the same.

53.     Paragraph 53 purports to summarize articles by the Academy of Managed Care Pharmacy, the National Community Pharmacists Association, and Express Scripts, the contents of which speak for themselves.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of those articles or the remaining allegations contained in Paragraph 53 and, therefore, Upsher-Smith denies the same.

54.     Paragraph 54 purports to summarize articles by the National Community Pharmacists Association and Academy of Managed Care Pharmacy, the contents of which speak for themselves.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the articles or the remaining allegations contained in Paragraph 54 and, therefore, Upsher-Smith denies the same.

55.     Upsher-Smith denies the allegations contained in Paragraph 55 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 and, therefore, Upsher-Smith denies the same.

56.     Upsher-Smith denies the allegations contained in Paragraph 56 that are directed toward it.  Paragraph 56 purports to quote from articles by the Academy of Managed Care Pharmacy and Express Scripts, the contents of which speak for themselves.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the articles or the remaining allegations contained in Paragraph 56 and, therefore, Upsher-Smith denies the same.

57.     Upsher-Smith denies the allegations contained in Paragraph 57 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in Paragraph 57 and, therefore, Upsher-Smith denies the same.

58.     Upsher-Smith denies the allegations contained in Paragraph 58 that are directed toward it, except admits only that Plaintiffs purport to rely on IMS data, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the data or the remaining allegations contained in Paragraph 58 and, therefore, Upsher-Smith denies same.

59.     Upsher-Smith denies the allegations contained in Paragraph 59 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 and, therefore, Upsher-Smith denies the same.

60.     Upsher-Smith denies the allegations contained in Paragraph 60 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 60 and, therefore, Upsher-Smith denies the same.

61.     Paragraph 61 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 61 that are directed toward it, except admits only that Plaintiffs purport to rely on IMS data, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the data or the remaining allegations contained in Paragraph 61 and, therefore, Upsher-Smith denies the same.

62.     Upsher-Smith denies the allegations contained in Paragraph 62 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in Paragraph 62 and, therefore, Upsher-Smith denies the same.

63.     Upsher-Smith denies the allegations contained in Paragraph 63 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63 and, therefore, Upsher-Smith denies the same.

64.     Upsher-Smith denies the allegations contained in Paragraph 64 that are directed toward it, except admits only that the price for Upsher-Smith's 10 mg Baclofen tablets fluctuated for each customer depending upon applicable contracts, pricing agreements, and other factors, including supply and demand.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 64 and, therefore, Upsher-Smith denies the same.

65.     Upsher-Smith denies the allegations contained in Paragraph 65 that are directed toward it, except admits only that the price for Upsher-Smith's 10 mg and 20 mg Baclofen tablets fluctuated for each customer depending upon applicable contracts, pricing agreements, and other factors, including supply and demand.

66.     Upsher-Smith denies the allegations contained in Paragraph 66 that are directed toward it, except admits only that the price for Upsher-Smith's 10 mg and 20 mg Baclofen tablets fluctuated for each customer depending upon applicable contracts, pricing agreements, and other factors, including supply and demand.

67.     Upsher-Smith denies the allegations contained in Paragraph 67 that are directed toward it, except admits only that the price for Upsher-Smith's 10 mg and 20 mg Baclofen tablets

fluctuated for each customer depending upon applicable contracts, pricing agreements, and other factors, including supply and demand.

68.     Upsher-Smith denies the allegations contained in Paragraph 68 that are directed toward it, except admits only that the price for Upsher-Smith's 10 mg and 20 mg Baclofen tablets fluctuated for each customer depending upon applicable contracts, pricing agreements, and other factors, including supply and demand.

69.     The allegations contained in Paragraph 69 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, Upsher-Smith denies the same.

70.     The allegations contained in Paragraph 70 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, therefore, Upsher-Smith denies the same.

71.     The allegations contained in Paragraph 71 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and, therefore, Upsher-Smith denies the same.

72.     The allegations contained in Paragraph 72 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, Upsher-Smith denies the same.

73.     The allegations contained in Paragraph 73 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, Upsher-Smith denies the same.

74.     The allegations contained in Paragraph 74 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, therefore, Upsher-Smith denies the same.

75.     The allegations contained in Paragraph 75 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, therefore, Upsher-Smith denies the same.

76.     The allegations contained in Paragraph 76 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, Upsher-Smith denies the same.

77.     The allegations contained in Paragraph 77 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, Upsher-Smith denies the same.

78.     Upsher-Smith denies the allegations contained in Paragraph 78 that are directed toward it, except admits only that Paragraph 78 purports to rely upon NADAC Price Data, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to

form a belief as to the truth of the substance of that date or the remaining allegations contained in Paragraph 78 and, therefore, Upsher-Smith denies the same.

79.     Upsher-Smith denies the allegations contained in Paragraph 79 that are directed toward it, except admits only that Plaintiffs purport to rely on WAC data, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the data or the remaining allegations contained in Paragraph 79 and, therefore, Upsher-Smith denies the same.

80. Upsher-Smith denies the allegations contained in Paragraph 80 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 80 and, therefore, Upsher-Smith denies the same.

81.     The first sentence of Paragraph 81 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 81 that are directed toward it, except admits only that Paragraph 81 purports to summarize and quote the FDA Safety and Innovation Act of 2012, the FDA's list of Current and Resolved Drug Shortages and Discontinuations Reported to FDA, and ASHP bulletins, the contents of which speak for themselves.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the law and documents or the remaining allegations contained in Paragraph 81 and, therefore, Upsher-Smith denies the same.

82.     Paragraph 82 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 82 that are directed toward it, except admits only that Paragraph 82 purports to rely upon IMS data, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to

form a belief as to the truth of the substance of the data or the remaining allegations contained in Paragraph 82 and, therefore, Upsher-Smith denies the same.

83.     Paragraph 83 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 83 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83 and, therefore, Upsher-Smith denies the same.

84.     Paragraph 84 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 84 that are directed toward it, except admits only that the price for Upsher-Smith's Baclofen tablets fluctuated for each customer depending upon applicable contracts, pricing agreements, and other factors, including supply and demand.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 84 and, therefore, Upsher-Smith denies the same.

85.     Paragraph 85 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 85 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 85 and, therefore, Upsher-Smith denies the same.

86.     Paragraph 86 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 86 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in Paragraph 86 and, therefore, Upsher-Smith denies the same.

87.     Paragraph 87 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 87 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 87 and, therefore, Upsher-Smith denies the same.

88.     Upsher-Smith denies the allegations contained in Paragraph 88 that are directed toward it.  Paragraph 88 purports to quote a Policy and Regulatory Report intelligence report and a press release by the Connecticut Attorney General, the contents of which speak for themselves. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the report or press release or the remaining allegations contained in Paragraph 88 and, therefore, Upsher-Smith denies the same.

89.     Paragraph 89 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 89 that are directed toward it, except admits only that they were members of certain trade associations and that the certain Upsher-Smith employees attended certain events hosted by trade associations. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 89 and, therefore, Upsher-Smith denies the same.

90.     Paragraph 90 purports to quote from an archived version of GPhA's website, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the website or the remaining allegations contained in Paragraph 90 and, therefore, Upsher-Smith denies the same.

91.     Paragraph 91 purports to quote from an archived version of GPhA's website, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the website or the remaining allegations contained in Paragraph 91 and, therefore, Upsher-Smith denies the same.

92.     Upsher-Smith denies the allegations contained in Paragraph 92 that are directed toward it, except admits only that certain Upsher-Smith employees may have attended certain GPhA meetings and/or events.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 92 and, therefore, Upsher-Smith denies the same.

93.     The allegations contained in Paragraph 93 are directed toward other Defendants and, therefore, no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, therefore, Upsher-Smith denies the same.

94. The allegations contained in Paragraph 94 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, Upsher-Smith denies the same.

95.     Upsher-Smith denies the allegations contained in Paragraph 95 that are directed toward it, except admits only that certain Upsher-Smith employees attended certain NACDS events, including certain annual Total Store Expos.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 95 and, therefore, Upsher-Smith denies the same.

96.     Upsher-Smith denies the allegations contained in Paragraph 96 that are directed toward it, except admits only that Upsher-Smith was a member of the HDMA.  Paragraph 96 purports to summarize the HDA website, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the website or the remaining allegations contained in Paragraph 96 and, therefore, Upsher-Smith denies the same.

97.     Paragraph 97 purports to summarize MMCAP's website, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the website or the remaining allegations contained in Paragraph 97 and, therefore, Upsher-Smith denies the same.

98.     Paragraph 98 purports to summarize MMCAP's Charter, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the Charter or the remaining allegations contained in Paragraph 98 and, therefore, Upsher-Smith denies the same.

99.     Upsher-Smith denies the allegations contained in Paragraph 99 that are directed toward it, except admits only that certain Upsher-Smith employees attended certain MMCAP meetings.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 99 and, therefore, Upsher-Smith denies the same.

100.    Paragraph 100 purports to summarize ECRM's website, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the website or the remaining allegations contained in Paragraph 100 and, therefore, Upsher-Smith denies the same.

101.    Upsher-Smith denies the allegations contained in Paragraph 101 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 101 and, therefore, Upsher-Smith denies the same.

102.    Upsher-Smith denies the allegations contained in Paragraph 102 that are directed toward it, except admits only that certain Upsher-Smith employees attended certain ECRM Efficient Program Planning Sessions.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 102 and, therefore, Upsher-Smith denies the same.

103.    Upsher-Smith denies the allegations contained in Paragraph 103 that are directed toward it, except admits only that certain Upsher-Smith employees attended certain meetings and events hosted by the HDMA, NACDS, MMCAP, and ECRM, and may have attended certain meetings and events hosted by the GPhA.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 103 and, therefore, Upsher-Smith denies the same.

104.    Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and, therefore, Upsher-Smith denies the same.

105.    Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, Upsher-Smith denies the same.

106.    Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and, therefore, Upsher-Smith denies the same.

107.    Upsher-Smith admits that Scott Hussey, Brad Leonard, JoAnn Gaio, Jim Maahs, Michael Muzetras, Chad Olsen, Bath Pannier, and Mary Rotunno attended some portion of the

August 10-13, 2013 NACDS Total Store Expo.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 107 and its subparts and, therefore, Upsher-Smith denies the same.

108.    Upsher-Smith admits that Thomas Burke, Scott Hussey, Jim Maahs, and Mike McBride attended some portion of the September 29-October 2, 2013 HDMA Annual Board and Membership Meeting.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 108 and its subparts and, therefore, Upsher-Smith denies the same.

109.    Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and, therefore, Upsher-Smith denies the same.

110.    Upsher-Smith admits that Scott Hussey and Jim Maahs attended some portion of the NACDS 2013 NYC Week, but denies that Mike McBride also attended.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 110 and its subparts and, therefore, Upsher-Smith denies the same.

111.    Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and, therefore, Upsher-Smith denies the same.

112.    Upsher-Smith admits that Brad Leonard attended some portion of the February 23-26, 2014 ECRM annual Retail Pharmacy Efficient Program Planning Session.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 112 and its subparts and, therefore, Upsher-Smith denies the same.

113. Upsher-Smith admits that Scott Hussey and Jim Maahs attended the April 1, 2014 HDMA Sixth Annual Roundtable Fundraiser.  Upsher-Smith lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 113 and its subparts and, therefore, Upsher-Smith denies the same.

114.     Upsher-Smith admits that Scott Hussey, Brad Leonard, Jim Maahs, Mark Evenstad, and Rusty Field attended some portion of the NACDS 2014 annual meeting.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 114 and its subparts and, therefore, Upsher-Smith denies the same.

115.     Upsher-Smith denies the allegations contained in Paragraph 115 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 115 and, therefore, Upsher-Smith denies the same.

116.     Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 and, therefore, Upsher-Smith denies the same.

117. Upsher-Smith admits that Scott Hussey and Brad Leonard attended some portion of the June 1-4, 2014 HDMA BLC.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 117 and its subparts and, therefore, Upsher-Smith denies the same.

118.     Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 and, therefore, Upsher-Smith denies the same.

119.     Upsher-Smith admits that Scott Hussey, Brad Leonard, and Jim Maahs attended some portion of the NACDS 2014 Total Store Expo.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 119 and its subparts and, therefore, Upsher-Smith denies the same.

120.     Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 and, therefore, Upsher-Smith denies the same.

121.     Upsher-Smith admits that Scott Hussey and Jim Maahs attended some portion of the NACDS 2014 NYC Week, but denies that Mike McBride also attended.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 121 and its subparts and, therefore, Upsher-Smith denies the same.

122.     Upsher-Smith admits that certain employees of Upsher-Smith attended some portion of the February 22-25, 2015 ECRM annual Retail Pharmacy Efficient Program Planning Session; April 25-28, 2015 NACDS Annual Meeting; June 7-10, 2015 HDMA BLC; and August 22-25, 2015 NACDS Total Store Expo.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 122 and, therefore, Upsher-Smith denies the same.

123.     Upsher-Smith denies the allegations contained in Paragraph 123 that are directed toward it, except admits only that there may be social events at trade association conferences and trade shows.  Paragraph 123 purports to summarize an action filed by the State AGs, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the complaint or the remaining allegations contained in Paragraph 123 and, therefore, Upsher-Smith denies the same.

124.     Upsher-Smith denies the allegations contained in Paragraph 124 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 124 and, therefore, Upsher-Smith denies the same.

125.     Upsher-Smith denies the allegations contained in Paragraph 125 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 125 and, therefore, Upsher-Smith denies the same.

126.     Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 and, therefore, Upsher-Smith denies the same.

127.     Upsher-Smith denies the allegations contained in Paragraph 127 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 127 and, therefore, Upsher-Smith denies the same.

128.     Upsher-Smith denies the allegations contained in Paragraph 128 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 128 and, therefore, Upsher-Smith denies the same.

129.     Upsher-Smith denies the allegations contained in Paragraph 129 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 129 and, therefore, Upsher-Smith denies the same.

130.     Upsher-Smith denies the allegations contained in Paragraph 130 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 130 and, therefore, Upsher-Smith denies the same.

131.     The allegations contained in Paragraph 131 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 131 purports to quote an earnings call statement by Lannett, the content of which speaks for itself. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statement or the remaining allegations contained in Paragraph 131 and, therefore, Upsher-Smith denies the same.

132.     The allegations contained in Paragraph 132 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 132 purports to quote an earnings call statement by Lannett, the content of which speaks for itself. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statement or the remaining allegations contained in Paragraph 132 and, therefore, Upsher-Smith denies the same.

133.     The allegations contained in Paragraph 133 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 133 purports to quote an earnings call statement by Lannett, the content of which speaks for itself. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statement or the remaining allegations contained in Paragraph 133 and, therefore, Upsher-Smith denies the same.

134.     The allegations contained in Paragraph 134 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 134 purports to quote an earnings call statement by Lannett, the content of which speaks for itself. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the

substance of the quoted statement or the remaining allegations contained in Paragraph 134 and, therefore, Upsher-Smith denies the same.

135.    The allegations contained in Paragraph 135 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 135 purports to quote an earnings call statement by Lannett, the content of which speaks for itself. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statement and the remaining allegations contained in Paragraph 135 and, therefore, Upsher-Smith denies the same.

136.    The allegations contained in Paragraph 136 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 136 purports to quote an earnings call statement by Lannett, the content of which speaks for itself. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statement or the remaining allegations contained in Paragraph 136 and, therefore, Upsher-Smith denies the same.

137. The allegations contained in Paragraph 137 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 137 purports to to quote a statements by Lannett employees, the contents of which speak for themselves.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of those statements or the remaining allegations contained in Paragraph 137 and, therefore, Upsher-Smith denies the same.

138.    The allegations contained in Paragraph 138 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 138 purports to quote statements by a Lannett employee, the contents of which speak for themselves.

Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of those statements or the remaining allegations contained in Paragraph 138 and, therefore, Upsher-Smith denies the same.

139.    The allegations contained in Paragraph 139 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 139 purports to quote an earnings call statement by Lannett, the content of which speaks for itself. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statements or the remaining allegations contained in Paragraph 139 and, therefore, Upsher-Smith denies the same.

140.    The allegations contained in Paragraph 140 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 140 purports to quote an earnings call statement by Lannett, the content of which speaks for itself. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statements or the remaining allegations contained in Paragraph 140 and, therefore, Upsher-Smith denies the same.

141.    The allegations contained in Paragraph 141 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 141 purports to quote a statement by a Lannett employee, the content of which speaks for itself. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statement or the remaining allegations contained in Paragraph 141 and, therefore, Upsher-Smith denies the same.

142.    The allegations contained in Paragraph 142 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 142

purports to quote from a Lannett presentation, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the presentation or the remaining allegations contained in Paragraph 142 and, therefore, Upsher-Smith denies the same.

143.    The allegations contained in Paragraph 143 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 143 purports to quote a statement by a Lannett employee, the content of which speaks for itself. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statement or the remaining allegations contained in Paragraph 143 and, therefore, Upsher-Smith denies the same.

144.    The allegations contained in Paragraph 144 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 144 purports to quote statements by a Lannett employee, the contents of which speak for themselves. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statements or the remaining allegations contained in Paragraph 144 and, therefore, Upsher-Smith denies the same.

145.    The allegations contained in Paragraph 145 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and, therefore, Upsher-Smith denies the same.

146.    The allegations contained in Paragraph 146 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 146 purports to quote an earnings call statement by Endo, the content of which speaks for itself.

Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statement or the remaining allegations contained in Paragraph 146 and, therefore, Upsher-Smith denies the same.

147.    The allegations contained in Paragraph 147 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 147 purports to quote an earnings call statement by Endo, the content of which speaks for itself. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statement or the remaining allegations contained in Paragraph 147 and, therefore, Upsher-Smith denies the same.

148.    The allegations contained in Paragraph 148 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 148 purports to quote earnings call statements by Endo, the contents of which speak for themselves. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statements and the remaining allegations contained in Paragraph 148 and, therefore, Upsher-Smith denies the same.

149.    The allegations contained in Paragraph 149 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 149 purports to quote an Endo presentation, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the presentation or the remaining allegations contained in Paragraph 149 and, therefore, Upsher-Smith denies the same.

150.    The allegations contained in Paragraph 150 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 150

purports to quote statements by a Par employee, the contents of which speak for themselves. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statements or the remaining allegations contained in Paragraph 150 and, therefore, Upsher-Smith denies the same.

151.    The allegations contained in Paragraph 151 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 and, therefore, Upsher-Smith denies the same.

152.    The allegations contained in Paragraph 152 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 152 purports to quote an earnings call statement by Teva, the content of which speaks for itself. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statement or the remaining allegations contained in Paragraph 152 and, therefore, Upsher-Smith denies the same.

153.    The allegations contained in Paragraph 153 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 153 purports to quote an earnings call statement by Teva, the content of which speaks for itself. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statement or the remaining allegations contained in Paragraph 153 and, therefore, Upsher-Smith denies the same.

154.    The allegations contained in Paragraph 154 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 154 purports to quote earnings call statements by Teva, the contents of which speak for themselves.

Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statements or the remaining allegations contained in Paragraph 154 and, therefore, Upsher-Smith denies the same.

155.    The allegations contained in Paragraph 155 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 155 purports to quote an earnings call statement by Teva, the content of which speaks for itself. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statement or the remaining allegations contained in Paragraph 155 and, therefore, Upsher-Smith denies the same.

156.    The allegations contained in Paragraph 156 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 156 purports to quote an earnings call statement by Teva, the content of which speaks for itself. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted statement or the remaining allegations contained in Paragraph 156 and, therefore, Upsher-Smith denies the same.

157.    The allegations contained in Paragraph 157 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 and, therefore, Upsher-Smith denies the same.

158.    Paragraph 158 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith admits that it is a privately held entity and, therefore, is not held to the same disclosure requirements as a public entity.

159.     Paragraph 159 purports to quote a Sector & Sovereign Research report, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the quoted text or the remaining allegations contained in Paragraph 159 and, therefore, Upsher-Smith denies the same.

160.     Upsher-Smith denies the allegations contained in Paragraph 160 that are directed toward it.  Paragraph 160 purports to quote a study published by Bloomberg, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the study or the remaining allegations contained in Paragraph 160 and, therefore, Upsher-Smith denies the same.

161.     Upsher-Smith denies the allegations contained in Paragraph 161 that are directed toward it.  Paragraph 161 purports to rely upon a study by Dr. David Belk and a GAO Report, contents of which speak for themselves.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the study or the report or the remaining allegations contained in Paragraph 161 and, therefore, Upsher-Smith denies the same.

162.     The allegations contained in Paragraph 162 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 162 purports to summarize an article published by the *Financial Times*, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the article or the remaining allegations contained in Paragraph 162 and, therefore, Upsher-Smith denies the same.

163.     Upsher-Smith denies the allegations contained in Paragraph 163 that are directed toward it.  To the extent a response is required, Paragraph 163 purports to summarize an article published by the Pennsylvania Medical Society, the content of which speaks for itself.  Upsher-

Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the article or the remaining allegations contained in Paragraph 163 and, therefore, Upsher-Smith denies the same.

164.    Paragraph 164 identifies certain correspondence sent by the NCPA, the contents of which speak for themselves.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of those letters or the remaining allegations contained in Paragraph 164 and, therefore, Upsher-Smith denies the same.

165.    Paragraph 165 identifies certain letters sent by U.S. Senator Bernie Sanders and U.S. Congressman Elijah Cummings and purports to rely upon a press release by Senator Sanders, the contents of which speak for themselves.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of those letters or press release or the remaining allegations contained in Paragraph 165 and, therefore, Upsher-Smith denies the same.

166.    Paragraph 166 purports to summarize a press release by Senators Sanders and Cummings, a letter sent by Senator Sanders, and the response from the OIG, the contents of which speak for themselves.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of those letters or press release or the remaining allegations contained in Paragraph 166 and, therefore, Upsher-Smith denies the same.

167.    Paragraph 167 purports to quote a GAO report, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of that report or the remaining allegations contained in Paragraph 167 and, therefore, Upsher-Smith denies the same.

168.    Upsher-Smith denies the allegations contained in Paragraph 168 that are directed toward it, except admits only that Upsher-Smith is aware that the DOJ is conducting an

investigation related to pricing and the generic pharmaceutical industry.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 168 and, therefore, Upsher-Smith denies the same.

169.    Paragraph 169 purports to summarize "initial reports," "news reports, court filings, . . . other public statements," a Policy and Regulatory Report article, and a *Bloomberg News* article, the contents of which speak for themselves.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the summarized sources or the remaining allegations contained in Paragraph 169 and, therefore, Upsher-Smith denies the same.

170.    Paragraph 170 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith admits that Upsher-Smith is privately held and has no obligation to disclose receipt of a subpoena.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 170 and, therefore, Upsher-Smith denies the same.

171.    The allegations contained in Paragraph 171 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 171 purports to quote a Lannett press release and SEC filing, the contents of which speak for themselves.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the press release or filing or the remaining allegations contained in Paragraph 171 and, therefore, Upsher-Smith denies the same.

172.    The allegations contained in Paragraph 172 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 172 purports to quote and summarize SEC filings, the contents of which speak for themselves.  Upsher-

Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the SEC filings or the remaining allegations contained in Paragraph 172 and, therefore, Upsher-Smith denies the same.

173.    The allegations contained in Paragraph 173 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Paragraph 173 purports to quote an SEC filing, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the SEC filing or the remaining allegations contained in Paragraph 173 and, therefore, Upsher-Smith denies the same.

174.    Upsher-Smith admits that it is aware that other generic manufacturers have received subpoenas from the DOJ and certain State AGs, which are conducting an investigation related to pricing and the generic pharmaceutical industry.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of those subpoenas or the remaining allegations contained in Paragraph 174 and, therefore, Upsher-Smith denies the same.

175.    Paragraph 175 contains legal conclusions to which no response is required.  To the extent a response is required, Paragraph 175 purports to summarize the DOJ Antitrust Division Manual, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the Manual or the remaining allegations contained in Paragraph 175 and, therefore, Upsher-Smith denies the same.

176.    Paragraph 176 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 176.

177.    Paragraph 177 contains legal conclusions to which no response is required.  To the extent a response is required, Paragraph 177 purports to summarize an MLEX article and the DOJ's

website, the contents of which speak for themselves. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the article or the website or the remaining allegations contained in Paragraph 177 and, therefore, Upsher-Smith denies the same.

178.     Paragraph 178 purports to summarize complaints filed by the DOJ against Jeffrey Glazer and Jason Malek, the contents of which speak for themselves. Upsher-Smith lacks sufficient knowledge or information to form a belief as to the truth of the substance of those complaints or the remaining allegations contained in Paragraph 178 and, therefore, Upsher-Smith denies the same.

179.     Upsher-Smith denies the allegations contained in Paragraph 179 that are directed toward it. Paragraph 179 purports to summarize and quote from DOJ complaints against Jeffrey Glazer and Jason Malek, a transcript of their plea hearing, and reported State AG "evidence," the contents of which speak for themselves. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the cited sources or the remaining allegations contained in Paragraph 179 and, therefore, Upsher-Smith denies the same.

180.     Upsher-Smith denies the allegations contained in Paragraph 180 that are directed toward it, except admits only that the DOJ intervened in MDL 2724 and *FWK Holdings, LLC v. Actavis Elizabeth, LLC*, No. 16-cv-9901 (S.D.N.Y.) and sought stays. Paragraph 180 also purports to quote from a hearing transcript and DOJ filings, the contents of which speak for themselves. Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the transcription or filings or the remaining allegations contained in Paragraph 180 and, therefore, Upsher-Smith denies the same.

181.     Upsher-Smith denies the allegations contained in Paragraph 181 that are directed toward it, except admits only that Paragraph 181 purports to quote a DOJ Update, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the DOJ Update or the remaining allegations contained in Paragraph 181 and, therefore, Upsher-Smith denies the same.

182.     Paragraph 182 purports to summarize actions filed by the State AGs and quote an article by *The Connecticut Mirror*, the contents of which speak for themselves.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the State AG actions or the article or the remaining allegations contained in Paragraph 182 and, therefore, Upsher-Smith denies the same.

183.     Paragraph 183 purports to quote a press release from the Connecticut Attorney General, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the press release or the remaining allegations contained in Paragraph 183 and, therefore, Upsher-Smith denies the same.

184.     Paragraph 184 purports to summarize briefs filed by the State AGs, the contents of which speak for themselves.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of those filings or the remaining allegations contained in Paragraph 184 and, therefore, Upsher-Smith denies the same.

185.     Paragraph 185 purports to quote an MLEX article, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the article or the remaining allegations contained in Paragraph 185 and, therefore, Upsher-Smith denies the same.

186.     Paragraph 186 purports to quote a press release by the New York Attorney General, the content of which speaks for itself.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the substance of the press release or the remaining allegations contained in Paragraph 186 and, therefore, Upsher-Smith denies the same.

187.     Upsher-Smith admits only that Upsher-Smith is aware that the DOJ and certain State AGs are conducting an investigation related to pricing and the generic pharmaceutical industry.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 187 and, therefore, Upsher-Smith denies the same.

188.     Paragraph 188 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 188 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 188 and, therefore, denies the same.

189.     Paragraph 189 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 189 that are directed toward it, except admits only that Upsher-Smith sold certain forms of Baclofen and certain employees of Upsher-Smith participate in certain trade association committees or events.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 189 and its subparts and, therefore, Upsher-Smith denies the same.

190.     Paragraph 190 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 190 that

42

are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 190 and, therefore, Upsher-Smith denies the same.

191.    Paragraph 191 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith admits that Plaintiffs purport to bring claims on behalf of a putative class, but denies Plaintiffs' allegations as set forth herein and their ability to represent any class.

192.    Paragraph 192 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 192.

193.    Paragraph 193 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 193.

194.    Paragraph 194 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 194.

195.    Paragraph 195 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 and, therefore, Upsher-Smith denies the same.

196.    Paragraph 196 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 196.

197.    Paragraph 197 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 197 and its subparts.

198.     Paragraph 198 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 198.

199.     Paragraph 199 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to what Plaintiffs know contained in Paragraph 199 and, therefore, Upsher-Smith denies the same.

200.     Paragraph 200 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 200 that are directed toward it, except admits only that Upsher-Smith sold certain forms of Baclofen tablets during the proposed Class Period.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 200 and, therefore, Upsher-Smith denies the same.

201.     Paragraph 201 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 201 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 201 and, therefore, Upsher-Smith denies the same.

202.     Paragraph 202 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 202 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 202 and, therefore, Upsher-Smith denies the same.

203.     Paragraph 203 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 203 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 203 and, therefore, Upsher-Smith denies the same.

204.     Upsher-Smith incorporates its responses to the preceding paragraphs of this Answer in response to the allegations contained in Paragraph 204.

205.     Paragraph 205 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 205 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 205 and, therefore, Upsher-Smith denies the same.

206.     Paragraph 206 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 206 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 206 and, therefore, Upsher-Smith denies the same.

207.     Paragraph 207 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 207 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 207 and, therefore, Upsher-Smith denies the same.

208.     Paragraph 208 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 208 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 208 and its subparts, therefore, Upsher-Smith denies the same.

209.     Paragraph 209 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 209 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 209 and, therefore, Upsher-Smith denies the same.

210.     Paragraph 210 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 210 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 210 and, therefore, Upsher-Smith denies the same.

211.     Paragraph 211 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 211 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 211 and, therefore, Upsher-Smith denies the same.

212.     Paragraph 212 contains legal conclusions to which no response is required.  To the extent a response is required, Upsher-Smith denies the allegations contained in Paragraph 212 that are directed toward it.  Upsher-Smith lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in Paragraph 212 and, therefore, Upsher-Smith denies the same.

To the extent any answer may be required to the "WHEREFORE" clause in Plaintiffs' Prayer for Relief, Upsher-Smith denies any and all allegations contained in the "WHEREFORE" clause and denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

Plaintiffs' jury demand is a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSES

Without assuming any burdens that it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during the course of this litigation, Upsher-Smith asserts the following affirmative defenses:

### First Affirmative Defense

Plaintiffs' fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiff and/or the putative class lack Article III or statutory standing to assert their claims.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any antitrust or other injury or damage as a result of any conduct alleged in this Complaint and/or will not suffer injury of the type that the relevant statutes were designed to prevent.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate damages, if any, allegedly suffered as a result of the conduct they allege.

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too remote, speculative, and uncertain and/or because of the impossibility of proof as to those damages.

### Seventh Affirmative Defense

To the extent Plaintiff's claims would result in Upsher-Smith paying damages to more than one claimant for the same alleged overcharge, they are barred because such multiple liability would violate rights guaranteed Upsher-Smith by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fifth and Fourteenth Amendments.

### Eighth Affirmative Defense

Any and all of Upsher-Smith's actions alleged by Plaintiffs were lawful, justified, pro-competitive, carried out in furtherance of Upsher-Smith's legitimate business interests, and constitute *bona fide* business competition.

### Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

### Tenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries and damages were not legally or proximately caused by any acts or omissions of Upsher-Smith and/or were caused, if at all, by the conduct of Plaintiffs and/or third parties.

### Eleventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom Upsher-Smith had no control, which constitute intervening or superseding causes of harm.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the acts or omissions of Upsher-Smith did not substantially lessen competition in any properly defined market.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred because the relief sought is broader than what is necessary to remedy any alleged harm.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because some or all of the acts alleged against Upsher-Smith are expressly permitted by state or federal statute, regulation, or other law.

### Fifteenth Affirmative Defense

Plaintiffs' have enjoyed the benefits of their purchase of the products which are the subject of the Complaint and are thereby barred, in whole or in part, from making the claims for relief set forth in the Complaint.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they are preempted by federal law.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because this action does not satisfy the requirements for certification as a class action pursuant to Fed. R. Civ. P. 23.

**<u>Eighteenth Affirmative Defense</u>**

Upsher-Smith adopts by reference any additional applicable defenses pleaded by the other Defendants in this matter.

WHEREFORE, Upsher-Smith denies that it is liable to Plaintiffs for any damages or other relief.

Dated: March 15, 2019

Respectfully submitted,

*/s/ Devora W. Allon*

Jay P. Lefkowitz, P.C.
Devora W. Allon
Alexia R. Brancato
Erin H. Ogburn
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T: (212) 446-4800
F: (212) 446-4900
lefkowitz@kirkland.com
devora.allon@kirkland.com
alexia.brancato@kirkland.com
erin.ogburn@kirkland.com

*Counsel for Defendant*
*Upsher-Smith Laboratories,*
*LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I, Devora W. Allon, hereby certify that on this 15th day of March 2019, I caused a true and correct copy of the foregoing Defendant Upsher-Smith Laboratories, LLC's Answer to the Consolidated Direct Purchaser Class Action Complaint to be filed electronically and it is available to all counsel of record for viewing and downloading from the Court's ECF System.  Notice of this filing will be sent to all counsel of record by operation of the ECF System.


*/s/ Devora W. Allon*
Devora W. Allon